IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENENSSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLYN WILLIAMS ) | |
| ) | |
| v. ) | NO. 3:19-0599 |
| ) | Richardson/Holmes |
| PRISONER TRANSPORTATION ) | |
| SERVICES, LLC, et al ) | |

**O R D E R**

Pending before the Court is a motion to set aside default (Docket No. 40) filed by Defendant Cuyahoga County. The motion does not appear to comply with Local Rule 7.01(a)(1) as there does not appear to be a statement that movant's counsel conferred with all other counsel and whether the relief requested in the motion is opposed. Knowing whether the motion is opposed will allow the Court to try to keep this case on track with the current discovery schedule. Accordingly, Defendant Cuyahoga County's counsel shall confer with other counsel and, if the motion is unopposed, file an appropriate notice to that effect by no later than **May 20, 2020**.[1]

Also pending before the Court is the motion of Defendants Prisoner Transportation Services, PTS of America, and Brevard Expeditions for an extension of time to respond to pending written discovery requests (Docket No. 43), which is GRANTED IN PART for the reasons discussed below.[2] Specifically, Defendants must continue to compile responses to the outstanding discovery and produce those on a rolling basis with final production by July 17, 2020.

---

[1] All parties and counsel in this case are reminded to familiarize themselves with the Court's local rules. Failure to comply with the local rules requirements will become increasingly consequential.

[2] The Court acknowledges that the time for Plaintiff to respond to the motion under Local Rule 7.01(a)(3) has not yet expired and that Defendants' motion states that Plaintiff opposes the

Defendants' motion for an extension of time to respond to written discovery and the accompanying affidavit (Docket No. 43-1) discuss in detail the difficulty Defendants have encountered in timely responding to written discovery due to employee layoffs as a result of the COVID-19 pandemic. The Court is sympathetic to Defendants' plight. Indeed, the way in which most industries operate has changed dramatically as a result of the pandemic.

Nevertheless, to avoid adding to the backlog of cases that is increasing every day, the Court is making every effort to keep cases on schedule to every extent possible, consistent with Fed. R. Civ. P. 1. To that end, the parties and counsel in this case are instructed to also make every effort to figure out ways to conduct discovery within the current schedule. The Court cannot, however, expect parties to do more than their current resources will reasonably allow. For that reason, the Court will partially grant the requested extension. Defendants must continue to compile responses to the outstanding discovery and produce those on a rolling basis with final production by July 17, 2020. The Court finds this strikes an appropriate and reasonable balance between keeping this case on track and allowing for the challenges occasioned by the COVID-19 pandemic. The parties must also utilize all possible means available under the discovery rules to proceed with discovery notwithstanding the current community and other restrictions.

Based on the foregoing, it is therefore ORDERED that:

1. The time for Defendants to fully respond to Plaintiff's outstanding written discovery requests is extended to July 17, 2020. Defendants must, however, continue to compile responses to the outstanding discovery and produce those on a rolling basis until July 17, 2020.

---

relief sought. (Docket No. 43 at 5.) Nevertheless, the Court exercises its discretion to decide the motion prior to expiration of the response time as expressly authorized by Local Rule 7.01(b).

2. To accommodate the emergency COVID-19 restrictions and still move this case forward, the parties shall: (i) discuss the fullest possible utilization of written discovery, including the use of Fed. R. Civ. P. 31 and (ii) utilize Fed. R. Civ. P. 29 to stipulate to details for taking depositions by video or other remote means. To the extent otherwise required, this shall include that depositions may be conducted with the court reporter and the deponent in two different locations, according to whatever procedures the court reporter(s) have instituted to accommodate remote depositions. The parties may seek assistance from the Court with the logistics of written discovery or remote depositions by contacting chambers for a status conference without the necessity of compliance with the ordinary discovery dispute resolution procedures.

3. All other case management deadlines and provisions found in prior orders and not modified herein remain in full force and effect.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge