IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLYN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:19-cv-00599 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| PRISONER TRANSPORTATION ) | |
| SERVICES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Defendant Cuyahoga County's Motion to Set Aside Entry of Default (Doc. No. 40) ("Motion"), to which no opposition has been filed. Defendant Cuyahoga County ("County") has represented to the Court that the other Defendants do not oppose the Motion (Doc. No. 49 at 1). Plaintiff has filed notice that he "leaves it to the Court's discretion" whether to grant the Motion, which is essentially no opposition. (Doc. No. 50).[1]

The Clerk entered default against the County in this action on April 8, 2020 (Doc. No. 35), based upon an Affidavit of Service upon Laura Trotter, alleged to be an authorized agent for the County. *See* Doc. No. 34-1. The County has filed the Declaration of Laura Trotter (Doc. No. 40-3), in which she indicates that she does not consider herself and has never held herself out to be an authorized agent for accepting service of legal process for the County. The County has represented

---

[1] The Court commends Plaintiff's counsel for his even-handed approach in responding to the Motion; counsel gain credibility with the Court when, as here, they do not oversell their position in a particular context and do not reflexively bring representational zeal to bear on very situation..

that its prosecutor's office, which represents the County and its officials and employees in litigation, has no record of receiving service of process in this action. (Doc. No. 41 at 2-3).

The County also has represented that Plaintiff did not serve a copy of his Motion for Entry of Default on the County (Doc. No. 41 at 3), but the County did receive notice of the Entry of Default and thereafter filed the Motion. (*Id.*)

## ANALYSIS

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). To determine whether relief is available to the movant, the court considers (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Helis Oil & Gas Co., L.L.C. v. Evangelinos*, No. 2:18-cv-01660, 2019 WL 3603290, at *2 (S.D. Ohio Aug. 6, 2019). In regard to the setting aside of defendants' default, the federal courts have a strong preference for trials on the merits. *Clark v. Johnston*, 413 F. App'x 804, 819 (6th Cir. 2011).

As for the threshold question, the defendant's culpability, culpable conduct is that which "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the party-in-default's] conduct on those proceedings." *Helis Oil*, 2019 WL 3603290, at *2 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Here, the County has sufficiently shown that it never received proper service of process since the person receiving service was not an authorized agent for the County. There is no evidence that the County intended to thwart these judicial proceedings or held a reckless disregard for the effect of its conduct on this case.

Second, a meritorious defense is advanced "if any defense relied upon states a defense good at law. . . ." *Helis Oil*, 2019 WL 3603290, at *2. Additionally, any doubt should be resolved

in favor of the petition to set aside the default so that cases may be decided on their merits. *Id.* The County asserts that it has numerous meritorious defenses to the action, including lack of personal jurisdiction and lack of any County custom, policy, or practice that was the moving force behind the alleged violations of Plaintiff's constitutional rights. The Court finds that the County has sufficiently articulated potential meritorious defenses for this factor to weigh in favor of setting aside the default.

Third, with regard to the prejudice factor, Plaintiff has not argued any prejudice would result from setting aside this default. In fact, Plaintiff acknowledges that this case is "still in its infancy." (Doc. No. 50 at 1). The mere fact that a plaintiff will have to litigate the action on its merits, rather than proceed by default, does not constitute prejudice. *Helis Oil*, 2019 WL 3603290, at *3. Furthermore, "delay alone is not a sufficient basis for establishing prejudice." *Id.*

## CONCLUSION

For the reasons stated herein, the County's Motion to Set Aside Entry of Default (Doc. No. 40) is **GRANTED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE