# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **FRANKLYN WILLIAMS** | ) | |
| | ) | **Case No. 3:19-0599** |
| **v.** | ) | **District Judge Richardson** |
| | ) | **Magistrate Judge Holmes** |
| **PRISONER TRANSPORTATION SERVICES,** | ) | |
| **INC., e***t al.* | ) | |

## MEMORANDUM AND ORDER

In connection with the ruling discussed below, the following action is taken with respect to the following pending motions: Prisoner Transportation Services Defendants' ("PTS" or "PTS Defendants") motion for leave to file a sur-reply (Docket No. 62) is GRANTED[1] and Plaintiff's motion for leave to file a reply (Docket No. 65) is GRANTED. Also pending before the Court is Plaintiff's motion for leave to amend (Docket No. 53), which for the reasons discussed in more detail below and upon the following conditions, is DENIED.[2]

---

[1] The Court has considered the sur-reply and finds no good reason to separately file the sur-reply and further add to the already congested docket in this case.

[2] Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).

## Background

Familiarity with this case is presumed and the Court recites only the background necessary for context to the pending motion for leave to amend. The case management and scheduling order in this case set a deadline of June 15, 2020 for motions to amend. (Docket No. 20 at ¶ I.) That is the amendment deadline originally proposed by the parties. (Docket No. 19 at ¶ I.) On June 15, 2020, Plaintiff moved to amend his complaint to include class action relief. (Docket Nos. 53, 54.)

Defendants filed responses in opposition to Plaintiff's motion for leave to amend. (Docket Nos. 59, 60.) Plaintiff filed a reply. (Docket No. 61.) The PTS Defendants then filed a motion for leave to file a sur-reply based on Plaintiff's reply having been filed one day late. (Docket No. 62).[3] Plaintiff then moved for leave to file an untimely reply (Docket No. 65), to which the PTS Defendants filed a response in opposition. (Docket No. 67.)[4] Although the Court expects parties to comply with deadlines established in local rules and orders, the Court also allows for extensions of those deadlines in appropriate circumstances. The Court finds the circumstances here warrant the one-day extension to accommodate Plaintiff's reply, particularly since the response of Defendant Cuyahoga County to Plaintiff's motion for leave to amend was not filed until June 29, 2020. (Docket No. 60.) Given that timing, Plaintiff's missed deadline of one day in filing a response arguably resulted in no briefing delay. Certainly, any delay was neither prolonged nor unreasonable.

The PTS Defendants oppose Plaintiff's requested amendment on various grounds that include prejudice to PTS, undue delay in seeking class certification, and futility. For the reasons

---

[3] As noted above, the PTS Defendants' motion (Docket No. 62) is granted.

[4] As also noted above, Plaintiff's motion (Docket No. 65) is granted as to Plaintiff's previously filed reply (Docket No. 61).

discussed below, the Court agrees that Plaintiff's motion should be denied based on undue delay and prejudice to the PTS Defendants.

## Legal Standards and Analysis

Rule 15 of the Federal Rules of Civil Procedure states that leave to amend a pleading at this stage of the proceedings should be "freely given when justice so requires," Fed. R. Civ. P. 15(a), although the determination as to whether justice requires permission to amend the pleading is within the court's "sound discretion." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986). Moreover, despite Rule 15's liberal standard, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (internal citation omitted). Leave to amend may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects in previous amendments, futility of the proposed new claim, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

Plaintiff argues that amendment at this juncture would not be prejudicial because the PTS Defendants "received fair notice" that the conduct delineated in the initial complaint "could include class action relief." (Docket No. 54 at 2.) In support of this claim, Plaintiff notes that the complaint contains allegations that the other 25 inmates aboard the transport bus in question were purportedly subject to the same unhygienic and inhumane conditions. (Docket No. 1 at ¶¶ 14, 19). However, the existence of such allegations in the complaint cuts both ways as it also demonstrates an ostensibly unnecessary 11-month delay between the filing of Plaintiff's

3

complaint and his current attempt to add class action claims. Plaintiff's supporting brief offers no

justification for such inaction, which the Court finds to reasonably constitute undue delay given

that there is no substantive difference between the facts alleged in the operative complaint and

those in the proposed amended complaint. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66

(10th Cir. 1993) (noting that "untimeliness alone is a sufficient reason to deny leave to amend …

especially when the party filing the motion has no adequate explanation for the delay"). *See also*

*Banaszak v. CitiMortgage, Inc.*, 2016 WL 11468695, at *4 (E.D. Mich. Mar. 2, 2016) (denying

plaintiff's motion to amend in part because plaintiff "provide[d] no justification for the delay in

amending his complaint to add putative class allegations").[5]

Plaintiff cites three cases in his brief to bolster his argument that amendment is

appropriate at this stage of litigation, none of which overcomes the Court's finding of undue

delay. The first involves a products liability action in which the presiding magistrate judge

permitted a plaintiff to amend her complaint to assert additional theories of recovery because the

proposed amendments "operate[d] off much the same facts" as those contained in the original

complaint. *Jenkins v. Novartis Pharm. Corp.*, 2013 WL 1760762, at *2 (E.D. Tenn. Apr. 24,

2013). Unlike the granted relief in *Jenkins*, however, Plaintiff's motion seeks to transform an

individual cause of action into a class action lawsuit, which would dramatically alter the anatomy

of the instant matter and therefore unduly prejudice the defendants. *See Murry v. Daimler*

*Chrysler Corp.*, 2006 WL 3253250, at *2 (E.D. Mich. Nov. 8, 2006) (denying plaintiff's motion

to amend to include class action claims because such relief "would transform this case into

---

[5] In the proposed amended complaint, Plaintiff divides what was a single count alleging cruel and unusual punishment against "PTS Defendants and Cuyahoga County, Ohio" (Docket No. 1 at 16) into two separate counts of cruel and unusual punishment: one against the PTS Defendants and one against Cuyahoga County. (Docket No. 53-1 at 21, 24.) Plaintiff makes the same division with respect to a count of negligent supervision and hiring. (Docket No. 1 at 26; Docket No. 53-1 at 33-34.)

4

extremely complex litigation that would require extensive additional discovery by Defendant, as well as significantly delaying this proceeding").

Plaintiff additionally relies on a case from the Western District of Kentucky in which the district court granted four plaintiffs' motion to amend the complaint to add a class action allegation. *See Whitlock v. FSL Mgmt., LLC*, 2010 WL 11526980 (W.D. Ky. Nov. 3, 2010). The Court notes, however, that case involved confusion following plaintiffs' filing of the motion to amend in state court while unaware of defendants' notice of removal to federal court filing. *Id.* at 1. The presiding magistrate judge's decision to grant the motion was also based, in part, on the absence of any pending dispositive motions, *id*. at 2, unlike the instant matter.

Finally, Plaintiff points to a case from the Northern District of Illinois in which the district court granted a plaintiff's amendment to add class allegations against a city that were based on the same conduct alleged in the original complaint. *See Lopez v. City of Chicago*, 2002 WL 31415767 (N.D. Ill. Oct. 25, 2002). However, the district court based its decision in part on the fact that, at the time of its ruling, discovery had been stayed and a trial date had not yet been set. *Id*. at 3. In contrast, discovery in the current matter is ongoing and a trial date has been set by the District Judge. (Docket No. 21.) While Plaintiff contends that amendment is appropriate given that discovery has "just begun" (Docket No. 54 at 5), a claim that is notably disputed by PTS,[6] shifting the current case from an individual claim brought under 42 U.S.C. § 1983 into a class action necessitating a two-tier discovery structure consisting of both class and merits stages would be no small undertaking given "the huge amount of judicial resources expended by class actions." *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 630 (6th Cir. 2011).

---

[6] PTS argues in its response that Plaintiff has been dilatory in responding to discovery requests propounded several months ago. (Docket No. 59 at 4-5, n.1.)

Additionally, and significantly, the *Lopez* court emphasized in its decision that the subject plaintiff's request to amend was a response to "recently discovered information" relating to the defendant's detention policy. 2002 WL 31415767, at *1. As noted by PTS, the *Lopez* court permitted amendment of the complaint only after plaintiff's counsel learned via deposition testimony that the Chicago Police Department had previously implemented a "hold past court call policy" under which plaintiff and other individuals had been detained for more than 48 hours pending approval of felony charges by the state attorney. *Id*. Conversely, and as discussed herein, Plaintiff in the current matter readily concedes that he was aware of PTS' allegedly violative practices at the time he initiated the instant action, which are described in great detail in the complaint. (Docket No. 1 at ¶¶ 15, 32-49.) Despite this preexisting knowledge, neither the motion to amend nor the supporting brief references any reason for waiting nearly one year after bringing suit to add class allegations.

After PTS highlighted this delay in its responsive brief, Plaintiff submitted a reply brief in which he asserts a two-pronged defense. First, Plaintiff states that he wished to receive a decision on PTS' pending partial motion to dismiss, which was filed in November 2019 (Docket No. 15), before asserting class claims. (Docket No. 61 at 1-2.) While the Court appreciates counsel's regard for judicial resources, this argument would still not explain the four-month gap between the filing of the original complaint and the partial motion to dismiss (Docket Nos. 1, 15), during which time Plaintiff possessed all of the evidence necessary to assert a class action claim. *See Lymon v. Aramark Corp.*, No. CIV 08-0386 JB DJS, 2009 WL 5220285, at *4 (D.N.M. Dec. 12, 2009) ("Undue delay may … occur where a plaintiff was aware of all the information on which the proposed amendment is based before the filing of an earlier complaint.")

6

Plaintiff next contends that, even if the Court concludes that Plaintiff was dilatory in moving to amend, delay alone is not sufficient to deny the request given that notice and substantial prejudice to the opposing party are the "critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (internal citation omitted). Plaintiff proceeds to cite orders entered by the undersigned Magistrate Judge in two separate cases in support of his argument that amendment should be granted in the instant matter. *See Rawls v. Paradise Artists, Inc.*, 2019 WL 7482142 (M.D. Tenn. Apr. 16, 2019); *Pulte Homes Tennessee Ltd. P'ship v. PBG of S.C., Inc.*, 2018 WL 10228379 (M.D. Tenn. Nov. 13, 2018).

With respect to notice and substantial prejudice, the Court notes that Plaintiff seeks to both have his cake and eat it. He contends that converting the current case into a class action will not prejudice Defendants because of the purported "overlap in discovery" between the original complaint and the class claims (Docket No. 61 at 3-4), thereby easing Defendants' burden in defending against a class action, yet his brief simultaneously concedes that "[e]ngaging in class litigation is no easy endeavor." (*Id.* at 1.) The Court certainly concurs with the latter statement given that amendment of the complaint to include class allegations will indisputably subject the parties to "more costly discovery," *Barrett v. ADT Corp.*, 2016 WL 865672, at *5 (S.D. Ohio Mar. 7, 2016), and will make the overall litigation process "slower … and more likely to generate procedural morass." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011).

Additionally, the Court reiterates that Plaintiff's reliance on the original complaint as "fair notice" that class allegations *could* be brought does not necessarily vindicate his failure to bring such claims until the last possible moment, particularly when the proposed amendment "is not based upon information that is newly discovered or information that could not have been

7

raised before the Court" earlier. *LSREF2 Baron, LLC v. T.J. Colony Park P'ship*, 2014 WL 12669739, at \*1 (E.D. Tenn. Oct. 22, 2014). Plaintiff identifies no instance in which a district court has permitted a party to transform a single-plaintiff complaint into a class action based solely on that party's willingness to exploit the entirety of a liberal amendment period. *Cf. Philadelphia Indem. Ins. Co. v. ABC Paving Co.*, 2013 WL 12182601, at \*2 (E.D. Mich. Jan. 9, 2013) (declining to find that plaintiff's request to amend constituted undue delay given that "the evidence on which the amendment is based allegedly was discovered after the First Amended Complaint was filed"); *Bd. of Trustees of Plumbers, Pipe Fitters & Mech. Equip. Serv., Local Union No. 392 Pension Fund v. Bison Const., LLC*, 2010 WL 1254104, at \*1 (S.D. Ohio Feb. 2, 2010), *report and recommendation adopted,* (S.D. Ohio Mar. 23, 2010) (permitting amendment of complaint in light of plaintiff's discovery of relevant information "[s]ubsequent to the filing of the initial complaint"); *Jama v. Old Dominion Freight Line, Inc.*, 2009 WL 10728592, at \*1 (M.D. Tenn. Aug. 14, 2009) ("*The recent discovery* requires that leave to amend the Plaintiffs' complaint be granted.") (emphasis added). Had the motion to amend been based on some recently adduced evidence, Plaintiff's contention that Defendants enjoyed fair notice of potential class action claims might hold water. As it stands, however, Plaintiff's deferred request would now serve only to soak the Court and the parties with a deluge of procedural and discovery maneuvering that will undoubtedly accompany any class action litigation.

The cases cited by Plaintiff in his reply brief, *Rawls* and *Pulte Homes*, are also easily distinguishable from the current situation. Overlooking the fact that neither case involves a belated request to transform an individual cause of action into a class action, *Rawls* entailed a unique copyright registration requirement that would have required dismissal of the complaint *without* prejudice in lieu of amendment, thereby making amendment the more procedurally

8

efficient option. 2019 WL 7482142, at *2 ("[A]mendment of the complaint is an acceptable (if not inevitable) outcome upon dismissal of untimely infringement claims.").

Notably, the *Pulte Homes* case actually supports the Court's finding of undue delay in the current matter as the circumstances there involved a plaintiff who, in contrast to the instant Plaintiff, "promptly sought leave to amend" after discovering during the course of depositions information that prompted the request to amend. 2018 WL 10228379, at *3. The same reasoning applies to a sister district case cited in Plaintiff's brief, *Hall v. U.S. Cargo & Courier Serv. LLC*, in which the district court granted leave to amend the complaint to include class allegations based on a sworn affidavit presented by plaintiff's counsel affirming that counsel's recent discussions with two prospective class members had yielded "sufficient evidence … to faithfully assert collective and class action claims on behalf of similarly situated drivers." 2017 WL 9434017, at *1 (S.D. Ohio Nov. 1, 2017).[7] These decisions are therefore inapposite to the current matter.

The Court has previously discussed its desire to keep the current case on track (Docket No. 47 at 2), and despite the liberal amendment standard set forth under Rule 15, Sixth Circuit precedent permits a court to consider whether a party has acted with "due diligence" in moving to amend a complaint. *MidAmerican Distribution, Inc. v. Clarification Tech., Inc.*, 2011 WL 13227720, at *3 (E.D. Ky. July 5, 2011), *aff'd*, 485 F. App'x 779 (6th Cir. 2012) (affirming magistrate judge's order denying leave to amend where plaintiff "did not justify its delay" in seeking amendment). In the instant matter, Plaintiff has failed to provide a reasonable explanation for his eleventh-hour attempt to convert the instant action into a class action, which

---

[7] Notably, counsel for the plaintiff in *Hall* asked opposing counsel for permission to assert class allegations less than three weeks after discovery of such information. 2017 WL 9434017, at *1.

would add considerable burden to both Defendants and the Court. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (affirming district court's denial of motion to amend that "did not explain [plaintiff's] failure to amend the complaint earlier, especially as it was not based on new evidence"). For these reasons, the Court concludes that Plaintiff's motion represents undue delay and would cause substantial prejudice to Defendants.[8] The motion is therefore DENIED.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

[8] In light of this finding as well as the existence of multiple pending motions to dismiss (Docket Nos. 15, 63), the Court declines to take up PTS' argument with respect to the futility of Plaintiff's proposed amendment.

10